Robert W. Bullick v. Commissioner.
Bullick v. Commissioner
Docket No. 514-63.
United States Tax Court
T.C. Memo 1964-320; 1964 Tax Ct. Memo LEXIS 20; 23 T.C.M. (CCH) 1981; T.C.M. (RIA) 64320; December 15, 1964
Robert W. Bullick, pro se, 812 Cathedral Rd., Philadelphia, Pa. George K. Dunham, for the respondent. KERN Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in petitioner's income tax for the *21 year 1956 in the amount of $284.24. The sole question in issue is whether petitioner is entitled to an operating loss carryback from the year 1959 in the amount of $836.15 to the year 1956 under the terms of section 172 of the Internal Revenue Code of 1954. Findings of Fact A partial stipulation of facts has been filed by the parties. We find the facts to be as stipulated and incorporate such stipulation herein by this reference. Petitioner is a resident of Philadelphia, Pennsylvania, and filed his return for the year in question with the district director of internal revenue at Philadelphia, Pennsylvania. During the year 1959 petitioner reported $1,280 income from teaching at St. Thomas More High School in Philadelphia, Pennsylvania. He also reported a loss of $836.15 arising from the operation of a restaurant and bar known as the Manna Bar & Lounge at 23 East Lancaster Avenue, Ardmore, Pennsylvania. By reason of offsetting this loss against the income from teaching petitioner's return for that year disclosed an adjusted gross income of $443.85. In schedule C, attached to his return for the year 1959, petitioner reported total receipts from his restaurant *22 and bar business in the amount of $25,408.21, cost of goods sold in the amount of $9,800.55, and gross profit in the amount of $15,607.66. From this latter amount he subtracted the following "Other Business Deductions": Salaries and wages
$4,376.65
Rent on business property
4,200.00
Interest on business indebtedness
620.61
Taxes on business and business prop-
erty
772.89
Depreciation
3,403.20
Repairs
104.65
Other business expenses
2,365.81 Subtracting the total of such "Other Business Deductions" resulted in a reported net loss of $836.15. In his return for the year 1959 petitioner also claimed itemized deductions as follows: Contributions
$150.00
Interest
72.37
Texas
161.20
Medical and dental expenses
277.35
Other deductions
161.80
The taxes deducted above included items of $2 for "Drivers Licenses," $10 for "Auto Tags," $4 for "Auto Inspection," and $36 for "Gasoline Tax." The "Other Deductions" are explained in the return as follows: "Other Auto Expenses (Used For Business & Pleasure) 323.60 X 50% = 161.80." On October 4, 1960, petitioner applied for a tentative carryback allowance from the year 1959 of a loss in the amount *23 of $836.15 to the year 1956, with a consequent decrease in tax for the year 1956 in the sum of $284.24. On the basis of this application, petitioner received a refund of $284.24. Respondent determined that under section 172 of the Internal Revenue Code of 1954 no net operating loss deduction was allowable to petitioner for 1956 and therefore determined a deficiency in the amount of the above-mentioned refund, $284.24. Opinion KERN, Judge: The sole question before us is whether respondent erred in his determination set forth in the statement attached to his deficiency letter "that under Section 172 of the Internal Revenue Code of 1954 no net operating loss deduction is allowable for the year 1956." Obviously the burden of proving that respondent erred is on the petitioner. Respondent contends that the two items of income reported in petitioner's return for 1959, his salary as a teacher and the gross profit from his restaurant and bar, both constituted business income within the meaning of section 172, [1] and correctly cites as authority for this proposition Godfrey M. Weinstein, 29 T.C. 142, and Anders I. LaGreide, 23 T.C. 508. *24 See also Elmer E. Batzell, 30 T.C. 648, affd. 266 F. 2d 371; Roberts v. Commissioner 258 F. 2d 634, affirming a Memorandum Opinion of this Court; and section 1.172-3(a)(3)(i), Income Tax Regs. He further contends that these two items of business income must be combined for the purpose of determining the business income from which business expenses are to be deducted in calculating the amount, if any, of a net operating loss, and correctly cites as authority for this proposition Pierce v. United States, 254 F. 2d 885. See also Anders I. LaGreide, supra.Therefore, respondent concludes that since the combined business income reported by petitioner in his 1959 return is in excess of business expenses deducted therein there can be no net operating loss deduction which petitioner can carry back to 1956 pursuant to the provisions of section 172. *25 It has been difficult for us to ascertain what the contention of the petitioner is. It would appear to be as follows: In administrative proceedings involving his tax liability for 1959 respondent's agents erroneously decreased the "Other Business Deductions" taken by him in his 1959 tax return by erroneously decreasing the deduction on account of depreciation pursuant to section 179 of the Internal Revenue Code of 1954, and that the question properly before us is one arising under this section rather than under section 172. The answer to this contention is that we are not concerned in this proceeding with any deficiency proposed or determined in petitioner's tax liability for 1959. The question here is whether petitioner is entitled to carry back to 1956 a net operating loss from 1959 pursuant to and as defined in section 172. The only determination of deficiency with which we are concerned relates to petitioner's tax liability for the year 1956. We have quoted from the statement attached to that deficiency notice. We are not bound by the reason assigned by the respondent for his decision; the burden is on the petitioner to show that it is wrong upon any *26 proper theory. See Acer Realty Co. v. Commissioner, 132 F. 2d 512, 514, 515, affirming 45 B.T.A. 333. In this case it is not apparent and it has not been proved that respondent's determination of a deficiency for 1956 was predicated on an erroneous calculation of deductible depreciation in 1959. To the contrary, respondent's argument in this case accepts as correct all of the figures reported in petitioner's return for that year. We agree with respondent that petitioner had no net operating loss for 1959 within the intendment of section 172 which could be carried back to 1956 pursuant to that section. Obviously most of the itemized deductions were nonbusiness expenses which could only be deducted from nonbusiness income, of which there was none reported by petitioner in 1959. It is possible (but not proved) that some of the automobile expenses and taxes relating to automobiles were business expenses but those were not in a total amount which could affect the result herein. Petitioner purports to argue that respondent made certain errors with regard to his income tax for 1958. However, it is obvious that that year is not before us in this proceeding. *27 Decision will be entered for the respondent. Footnotes
1. SEC. 172. NET OPERATING LOSS DEDUCTION. (a) Deduction Allowed. - There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term "net operating loss deduction" means the deduction allowed by this subsection. (b) Net Operating Loss Carrybacks and Carryovers. - (1) Years to which loss may be carried. - A net operating loss for any taxable year ending after December 31, 1957, shall be - (A) a net operating loss carryback to each of the 3 taxable years preceding the taxable year of such loss, and (B) a net operating loss carryover to each of the 5 taxable years following the taxable year of such loss. (2) Amount of carrybacks and carryovers. - Except as provided in subsection (i), the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the "loss Year") shall be carried to the earliest of the 8 taxable years to which (by reason of subparagraphs (A) and (B) of paragraph (1)) such loss may be carried. The portion of such loss which shall be carried to each of the other 7 taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed - (A) with the modifications specified in subsection (d) other than paragraphs (1), (4), and (6) thereof; and (B) by determining the amount of the net operating loss deduction without regard to the net operating loss for the loss year or for any taxable year thereafter, and the taxable income so computed shall not be considered to be less than zero. (c) Net Operating Loss Defined. - For purposes of this section, the term "net operating loss" means (for any taxable year ending after December 31, 1953) the excess of the deductions allowed by this chapter over the gross income. Such excess shall be computed with the modifications specified in subsection (d). (d) Modifications. - The modifications referred to in this section are as follows: (1) Net operating loss deduction. - No net operating loss deduction shall be allowed. (2) Capital gains and losses of taxpayers other than corporations. - In the case of a taxpayer other than a corporation - (A) the amount deductible on account of losses from sales or exchanges of capital assets shall not exceed the amount includible on account of gains from sales or exchanges of capital assets; and (B) the deduction for long-term capital gains provided by section 1202 shall not be allowed. (3) Deduction for personal exemptions. - No deduction shall be allowed under section 151 (relating to personal exemptions). No deduction in lieu of any such deduction shall be allowed. (4) Nonbusiness deductions of taxpayers other than corporations. - In the case of a taxpayer other than a corporation, the deductions allowable by this chapter which are not attributable to a taxpayer's trade or business shall be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * *↩